Nelson Distilling Company, Respondent, v. William Vossmeyer, Appellant.

St. Louis Court of Appeals, April 19, 1887.

1. Fraudulent Conveyances — Evidence.— The conveyance, by a solvent merchant, of his stock in trade for a sum much less than its actual value, is not, without more, evidence of fraud.

2. —— Attachment.—Such a sale by one whose solvency does not clearly appear, or the result of which is to render him insolvent, taken in connection with other circumstances casting suspicion on the transaction, is sufficient to uphold an attachment on the ground that the sale was made with the intent to hinder or delay the vendor's creditors.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed.*

Broadhead & Haeussler, for the appellant.

Davis & Davis, for the respondent.

THOMPSON, J., delivered the opinion of the court.

In this action an attachment was sued out and levied upon real estate belonging to the defendant. The first ground of the attachment was, "that the defendant has fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors." On a trial of the issues made by a plea in abatement, a jury returned a verdict in favor of the plaintiff on this ground of the attachment, and, under the instructions of the court, found in favor of the defendant upon the other two grounds. Judgment was entered for the plaintiff, sustaining the attachment and for the costs thereof, and afterwards, the defendant declining to plead to the merits, judgment was duly entered in favor of the plaintiff for the sum demanded. The defendant, appealing, questions the propriety of the verdict and judgment sustaining the attachment.

I. There was evidence tending to show that the defendant, a tradesman, being largely indebted, under protest, and his real estate encumbered, gave a bill of sale of his entire stock in trade to one Winkelman, for the sum of two thousand dollars, and that the property conveyed was worth greatly more than this sum. This statement of the evidence disposes of the assignment of error, that the verdict is not supported by the evidence. *Potter v. McDowell*, 31 Mo. 62, 74.

Counsel for the defendant, on the hearing of this cause, insisted that if this judgment be permitted to stand, it will be equivalent to an affirmation that an intent to defraud may be supported by evidence that a solvent trader has transferred his stock in trade, for an inadequate consideration, to one or more of his creditors, in payment of their respective claims.

The extent to which the defendant was indebted does not appear, as no testimony, whatever, was introduced in his behalf. It does, however, appear, by the plaintiff's testimony, that the property conveyed went to pay part of the defendant's debts. It further appears that

the defendant, himself, stated the value of his stock in trade to be six thousand or seven thousand dollars, and that he conveyed it for a consideration of two thousand dollars; that the man to whom he thus conveyed it, after removing part of the property, sold the residue, including a leasehold for which he paid five hundred dollars, for twenty-nine hundred and fifty dollars. The property removed, according to the most favorable view of the testimony for the defendant, was worth more than the amount paid for the leasehold; so that the property, upon a re-sale by the defendant's vendee, brought one-third more than he had paid for it.

There were circumstances of suspicion surrounding the sale. It was made without any previous negotiation, and almost immediately after the plaintiff and another creditor had pressed the defendant for the payment of their respective claims. It, also, appeared that the defendant's vendee did not, at the time of sale, nor, in fact, even at the date of the trial, know the value of the whiskey he bought, or the quality, although that article formed a considerable part of the stock.

The only testimony tending to show that the defendant was solvent, at the date of the transaction challenged for fraud, was his own declaration, made to some witnesses, that he had real estate, worth twenty thousand dollars, encumbered, according to his own admissions, to the amount of nine thousand dollars. There was no evidence that the margin, if any, on this property, was available for the payment of his creditors, in the usual course of trade; nor was there any evidence that his own valuation of this real estate was more trustworthy than the valuation of the stock, which he declared to the same witnesses to be worth from six thousand to seven thousand dollars, and which he immediately thereafter sold for two thousand dollars.

While we do not desire to be understood as holding that the sale of goods, greatly below their value, by a trader who is solvent, and not in embarrassed circum-

stances, of itself, furnishes evidence of fraud, we are clearly of opinion that the evidence, in this case, as to the embarrassed circumstances of the defendant, was sufficient to shift the burden of proof as to solvency. The plaintiff's evidence made a *prima facie* case that the defendant was embarrassed as a trader; that he failed to pay his debts in the ordinary course of trade, and that the transfer of this stock was for a consideration far below its value. This, in the absence of countervailing evidence, is sufficient to support the verdict.

II. The court submitted the case to the jury upon instructions that told them, in substance, that, while a debtor may, in good faith, transfer his property to a particular creditor, at a fair valuation, in payment of an indebtedness to such creditor, yet the law does not allow him to transfer an amount of property largely in excess of such indebtedness, to the exclusion of his other creditors. The instructions might have been improved, in view of the evidence, by using the expression, "debtor, in embarrassed circumstances," instead of "debtor," simply. But the jury would evidently understand it with reference to the case before them ; and, besides, we understand it to be the law that, even a solvent debtor can not give away his property, or, what is, *pro tanto*, the same thing, transfer it to particular creditors at greatly less than its value, so as to render him insolvent, and unable to pay his other creditors.

The case is a very simple one, and it is plain, upon the whole record, that no error was committed, to the prejudice of the defendant, and that the judgment must be affirmed. Judge Rombauer concurring, it is so rdoered. Judge Lewis is absent.